FILED
2019 NOV -1 AM 11: 41
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRIC COURT FOR

THE MIDDLE DISTRICT OF FLORIDA

PLAINTIFF'S NAME,

    ISMAEL COLON-ORTIZ,

vs.

DEFENDANT'S NAME,

    GLASS AMERICA, LLC

Case No.: 6:19-CV-2096-PGB-EJK

**RETALIATION PROVISION TITTLE VII**

**I. The Parties to This Complaint:**

  **A. Plaintiff.**

    ISMAEL COLON-ORTIZ

    1708 MONTGOMERY DR.

    HOLLY HILL, FL 32117

    (386)414-9776

    ismaelcolono@gmail.com

  **B. Defendant(s).**

    GLASS AMERICA

    977 N. OAKLAWN AVE #200

    ELMHURST, IL 60126

    (877)743-7237

    Company.info@glassusa.com

## II. JURISDICTION

Under **Diversity Jurisdiction (28 U.S. Code 1332),** because none of the defendants live in the same state as any of the plaintiff and the amount of damages exceed $75,000.

## III. STATEMENT OF FACTS

1. Plaintiff Was hire by Glass America on August,2017 at age 41 as an Auto Glass Technician working in central Florida. The plaintiff did not work out of a corporate office but was dispatch from a smaller office in Jacksonville, Fl. Glass America Corporate office is located on the state of Illinois.

2. Prior to employment the plaintiff read and signed a policy for cash handling procedure.

3. On July 5,2018 the plaintiff left for vacation after completing his work and wasn't scheduled to return to work till July 23rd, 2018.

4. The plaintiff forgot to make deposit and left cash collected in the amount of $458 in the center console of the company vehicle which was located on the driveway of plaintiff residence.

5. On July 24, 2018 During a conversation with area manager in Florida Bobby Gonelly, He mention the deposits on a rather treating manner. The plaintiff asked Gonelly why the different treatment, if his immediate manager Scott Bobbins from Jacksonvillle, FL already reminded him to make the deposit as soon as possible. Gonelly stated that the Rob Vaca the chief operating officer (COO) was upset at three names on the list with missing deposits. Gonelly stated he had emailed his boss previously to inform him that some of the techs just came back from vacation. According to Gonelly he was told to inform the techs with terminations if they were ever to hit red again. The plaintiff

decided to voice his opinion about the punishment mention by Rob Vaca. The plaintiff has been working for the company for almost a year and has never been discipline on any matter. The plaintiff informed Gonelly that he did not agreed with the Vaca's statement and felt discriminated. The plaintiff felt that if the policy has been changed then this issue should have been sent to all the techs not just three, so the plaintiff decided to voice his opinion by filling a complaint with the HR department. The plaintiff made contacted Lisa Christiansen from HR prior to suspension and she advised him to make an email about the issues and forward it to her.

6. On July 25, 2018 the plaintiff was suspended for 2 weeks and would not be allowed to return to work till August 9, 2018. The paperwork associated with the suspension was never provided to the plaintiff, when he repeatedly emailed the supervisors and Christiansen for H.R. department requesting this information.

7. On July 27,2018 plaintiff emailed the discrimination complaint to Lisa Christiansen from H.R department explaining the situation and how the plaintiff's felt discriminated, the complaint also stated he will file a complaint with Department of Labor. The plaintiff asked for an apology from the parties involved and also explanation but none was given. The plaintiff tried to make contact after filling the complaint but received no responses.

8. July 29,2018 plaintiff filled a complaint with EEOC (INQUIRY) Number 440-2018-07001 with a charge of Retaliation. "Under federal and state law in Florida, it is illegal for an employee to be fired for engaging in activities protected by law or for reporting violations made by employer". The plaintiff received the notice of right to sue August 7,2019 from EEOC.

9. While on suspension the plaintiff and his spouse Isaura Nepomuceno had an appointment with Florida Institute/reproductive in Daytona Beach. The plaintiff's and his wife have been going thru

treatment to have a child. They insurance provided by Glass America made this procedure affordable. they made regular appointments over a period of months prior to the suspension. On August 2, 2018 the plaintiff received a call from the specialty medicine office to inform him that the insurance was canceled around July 31,2018 and if need it to fill the prescription for the IVF medication it would have to be paid full by the plaintiff. The cost of the medication could potentially cost up to five thousand dollars per cycle, this left the plaintiff and his wife with a hard decision to stop the procedure. Immediately the plaintiff made contact with Glass America benefits department and discovered he has been terminated since the 31 of July 2018. The plaintiff made multiple attempts to contact the HR department to find out when and why he was terminated if he had already been punished by a suspension for 2 weeks and he was engaged in a "protected activity".by filling the complaint, The plaintiff never received a response.

10. On August 9,2018 the plaintiff received a separation agreement in the mail, the plaintiff didn't sign the agreement.

11. **Tittle VII** of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee who has "made a charge, testified, assisted or participated in "any charge of unlawful discrimination under the Act.

12. Defendants who violated **Tittle VII**, Rob Vaca, Chief Operating Officer. Nathan Edwards Regional Vice President, and Lisa Christiansen H.R. Department together violated the plaintiff's rights after he engage in a protected activity. They were hoping that the plaintiff will just find another job by isolating him from any communicating on the status of his position. They never informed him he has been terminated, the only reason the plaintiff found out was because of the medical insurance claim

13. As a result of the retaliation the plaintiff was harmed by the fact that he really need it this job to provide for his newly family. Shortly after the termination the plaintiff and his wife separated and divorce is pending due to the emotional stress and financial problems.

## V. DEMAN FOR RELIEF

Wherefore, Mr. Ismael Colon Demands judgment of $250,000 with interests and cost.

## VI. JURY DEMAND

14. Plaintiff Demands and Jury trial.

Dated this 31 of October, 2019

_____
Plaintiff's name